IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHRISTOPHER LEE NEAL, | ) | Civil Action No. 2:19-CV-44-FL |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT |
| STATE EMPLOYEES CREDIT UNION, | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |

## I. JURISDICTION AND VENUE

1. This is a civil rights violation complaint authorized under 42 U.S.C. §1983 to redress the deprivation of rights confered under the United States Constitution and Chapter 53B of the North Carolina Financial Privacy Act, NC Gen. Stat §53B-1 through §53B-10.[1]

2. This Court has jurisdiction under Title 28 U.S.C. §1331 and 28 U.S.C. §1343. Venue is appropriate in the United States District Court For the Eastern District of North Carolina because Defendants place of business and headquarters is in Raleigh, NC.

---

[1] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized. Amendment IV. No state can deny or deprive any person of life, liberty or property, without due process of law. Amendment XIV.

## II. PLAINTIFF

3. Plaintiff, Christopher Neal, is a resident of Pasquotank County located at 527 Commerce Dr., Elizabeth City, North Carolina 27906. Plaintiff's account information is stored by the Defendant.

## III. DEFENDANT

4. Defendant, State Employees Credit Union, is a corporate charter financial institution located at 119 North Salisbury Street, Raleigh, North Carolina 27611. Its main headquarters is based within Raleigh, NC with several braches expanding all throughout the state. Its principally engaged in the business of lending money or receiving or soliciting money on deposit and at all times mentioned herein, plaintiff is a customer and account holder with said Defendant ("SECU").

5. At all times mentioned herein, the Defendant had acted negligent and acted under the 'color of law' when they had disclosed plaintiffs' financial records to state officials without receipt of certification pursuant to G.S. § 53B-5 (5), a search warrant and Court Order, in violation of plaintiff's Fourth and Fourteenth Amendment rights under the United States Constitution. At no time did State Employees Credit Union notify plaintiff that his financial was subject of subpoena or Court Order. They also failed to disclose to Plaintiff that they released plaintiff's financial records.

2.

## IV. COMPLAINT

6. On June 5, 2019, ADA Rick Champion and Sean Boone had drafted up a subpoena and addressed it to State Employees Credit Union requesting documents of transaction reports from plaintiff's debit/credit card June 13, 2017 through June 14, 2017 and digital video data (SNAPSHOT) of plaintiff withdrawaling his own money from his account at An ATM Cashpoints terminal in Reidsville, NC on 6/13/2017 between 8:08 pm through 8:09 pm. They failed to provide Plaintiff notice.

7. On June 6, 2019, J. Bretty Taylor of the district attorney's office had served a copy of the subpoena by personal delivery to State Employees Credit Unions affliated branch located at 2623 Alamance Rd in Burlington, NC; causing notice to the agent, as notice to the principal and SECU had disclosed plaintiff's financial records which spreaded throughout various state government agencies, in violation of plaintiff's constitutional rights under the United States Constitution and the North Carolina Financial Privacy Act, NC Gen. Stat §53B-1 et. seq.; A government authority is prohibited access to plaintiff's financial records and SECU 'knew or should have known' that its disclosures had violated plaintiff's constitutional rights and the NC Financial Privacy Act, when they failed to ensure that Plaintiff had received a copy of the subpoena, in breach of their fiduciary duty owed to Plaintiff under the Fourth and Fourteenth Amendments.

3

8. It is the policy of this State that financial records should be treated as confidential and no financial institution such as SECU, named as Defendant herein, may provide to any government authority and no government authority may have access to any financial records except in accordance with the provisions of the NC Financial Privacy Act. See G.S. §53B-3. Public Policy. SECU had violated Plaintiff's rights.

9. On October 22, 2019 SECU's Risk Management Division had investigated the release of plaintiff's information and erroneously concluded that SECU is required to release member information to law enforcement under certain circumstances, such as receipt of a subpoena. As no seach warrant was filed in plaintiff's case upon sufficient probable cause on June 13, 2017, when SECU had released plaintiff's information prior to the June 5, 2019 subpoena; by SECU's representative Ray Giustiziq, an agent of the principal defendant.

10. On June 15, 2017 Detective K.D. Vaden (790088) of the Rockingham County Sheriffs Office had filed a police report (17001493) that he had received a call from [Ray Giustiziq] from State Employees Credit Union who assisted him from Bank Watch indicating that Plaintiff's SECU Debit Card was used at 8:09pm on 6.13.17 at the Cash Points on S. Scales St. to withdraw $200.00; it was used again 6.13.17 at 10:46pm at the Sheetz on Freeway to obtain $41.47 in an unknown transaction and then again 6.14.17 at 12:44am at a Razor Wash North of Greensboro for $7.00. SECU had disclosed plaintiff's financial records prior to ADA Rick Champions subpoena, in violation of the NC Financial Privacy Act and Plaintiff's rights confered under the U.S. Constitution.

11. Ray Gustizia at State Employees Credit Union had disclosed on June 15, 2017 to K.D. Vaden (#79088) that as of 8:30 this morning there had been no activity on Plaintiff's account with SECU. This disclosure of Plaintiff's financial records by State Employees Credit Union to Detective K.D. Vaden on June 13, 2017 and again on June 15, 2017 without a subpoena, probable cause, a search warrant, and Court Order had violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution; and in willful and intentional violation of the plaintiff's rights under the North Carolina Financial Privacy Act.

12. On or about June 13, 2019 ADA Rick Champion had called SECU representative Jospeph Robert Johnson who confirmed plaintiff's financial records in State's Exhibits #32, #33, and #34, where the state failed-had failed to certify in writing to State Employees Credit Union that it had complied with the NC Privacy Act; because Plaintiff was never served with a copy of the Court order or subpoena pursuant to G.S. 1A1.1, Rule 4 (j) by certified mail along with the notice statement provided by G.S. §53B-5 (3). SECU had willfully and wantonly violated its duties owed to plaintiff under §53B-9 by failing to ensure that the state had provided me a copy of the subpoena, which would have allowed plaintiff to quash it within (10) days. It also failed to comply with the NC Financial Privacy Act when it had released plaintiff's financial information to Detective K.D. Vaden on or about June 13-15 2017 without a subpoena, warrant and Court order. based upon probable cause disclosed by SECU Ray Giustizia to state officials.

13. State Employees Credit Union had willfully, wantonly, and negligently released Plaintiff's financial records to K.D. Vaden and ADA Rick Champion without qualms intentionally to cause plaintiff harm, investigations, humiliation, mental and emotional distress, depression, attorney fees, hardship, suffering, from the disclosure of plaintiff's financial records; and was deliberately indifferent to plaintiff's 'clearly established rights' under the Fourth, and Fourteenth Amendments of the U.S. Constitution and the NC Financial Privacy Act; who acted under the 'color of law' when it disclosed plaintiff's financial records to government authorities without a subpoena, search warrant, probable cause, and Court Order, to cause plaintiff harm and emotional distress.

14. Plaintiff, aggrieved by the willful and wanton conduct of SECU and its agents of the principal credit union, who negligently disclosed plaintiff's financial records without a search warrant, subpoena, notice, and Court Order will forever be irreparably harmed by the intentional and willful conduct of State Employees Credit Union unless this Court grants the relief sought in this complaint.

# V. RELIEF SOUGHT

15. Plaintiff incorporates by reference paragraphs 1-14 as if it was fully alleged herein this section.

16. Plaintiff sues the Defendant SECU in the amount of $800,000.00 dollars in <u>actual damages</u> sustained by Plaintiff as a result of the disclosure.

17. Plaintiff sues the Defendant SECU in the amount of $750,000.00 dollars in <u>compensatory damages</u> sustained by Plaintiff as a result of the disclosure without notice, a search warrant, subpoena, or Court Order, in violation of Plaintiff's Fourth and Fourteenth Amendment Constitutional rights and the NC Privacy Act.

18. Plaintiff also sues the Defendant SECU in the amount of $600,000.00 dollars in <u>punitive damages</u> caused by the willful and intentional disclosure of plaintiffs financial records and information, causing plaintiff mental and emotional distress, pain and suffering, financial hardship, embarrassment, harassment and humiliation, attorney fees, from the unconstitutional disclosure.

19. Plaintiff further seeks an award of <u>nominal damages</u> in the amount of $1.00 dollar to be determined by the Court.

20. An award of attorney fees is also sought by plaintiff pursuant to 42 U.S.C. §1988(b).

21. Any other and further relief this Court deems just, proper, and necessary is requested by plaintiff. Plaintiff requests appointment of counsel.

Dated: 11-28-19

Respectfully submitted,

*[signature]*

Christopher Neal, Pro Se
Pasquotank-CI
527 Commerce Dr.
Elizabeth City, NC 27906

# VI. VERIFICATION

22. Plaintiff incorporates by reference paragraphs 1-21 as if those paragraphs were fully alleged herein. Plaintiff hereby verifies under the penalty of perjury that the allegations contained in this complaint is true and correct. Respectfully submitted unto the Court for review on this 28th day of November, 2019.

By: /s/ Christopher Neal

Christopher Neal
Pasquotank-CI
Opsus # 1616662
527 Commerce Dr.
Elizabeth City, NC 27906