IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:19-CV-44-FL

| | | |
|---|---|---|
| CHRISTOPHER NEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE EMPLOYEES CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon the memorandum and recommendation ("M&R") of Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint on frivolity review under 28 U.S.C. § 1915(e)(2)(B). (DE 15). Plaintiff timely objected to the M&R. (DE 16). Also before the court is plaintiff's motion to appoint counsel. (DE 9). In this posture, the issues raised are ripe for ruling. For the following reasons, the court denies plaintiff's motion to appoint counsel, adopts the M&R as its own, and dismisses the complaint.

### BACKGROUND

Plaintiff, who is an inmate at Pasquotank Correctional Institution, commenced this action pro se on December 4, 2019, followed by a motion for leave to proceed in forma pauperis, on December 23, 2019, asserting claims against defendant, under 42 U.S.C. § 1983, based upon asserted violations of First and Fourth Amendment rights and the North Carolina Financial Privacy Act. Plaintiff asserts that defendant wrongfully disclosed plaintiffs' financial records to state officials without a search warrant, court order, or certification under the North Carolina Financial

Privacy Act, in the course of an investigation by a Rockingham County Sheriffs' Office detective, commencing on June 15, 2017. Plaintiff seeks damages in excess of $2,150,000.00.

Plaintiff filed the instant motion to appoint counsel on January 15, 2020, relying upon his supporting declaration.[1] On March 5, 2020, the court allowed plaintiff's in forma pauperis motion, but notified plaintiff that he must pay the filing fee in installments in accordance with plaintiff's prison trust fund account statement.

On April 17, 2020, the magistrate judge entered M&R recommending dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff filed objections on April 27, 2020, relying upon his supporting declaration.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous

---

[1]  In the motion, plaintiff also discloses that he also filed a lawsuit against his facility of incarceration, in case No. 5:19-CT-3281-BO, which remains pending.

or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

B.   Analysis

   1.   Motion to Appoint Counsel

While plaintiff seeks appointment of counsel to assist him with filings in this case, plaintiff has not demonstrated that this case is one in which exceptional circumstances merit appointment of counsel. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see also Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989); Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). In addition, plaintiff has demonstrated through the detail of his filings he is capable of proceeding pro se. Accordingly, plaintiff's motion to appoint counsel is denied.

   2.   Frivolity Review

In the M&R, the magistrate judge cogently set forth several reasons why plaintiff's complaint fails to state a claim upon which relief can be granted, including that defendant is not a state actor, a § 1983 action does not arise from alleged violations of state law, and the alleged conduct did not violate plaintiff's constitutional rights. (See M&R (DE 15) at 2-5). Upon de novo review of plaintiff's objections, the court adopts and incorporates herein the analysis in the M&R. The court writes separately to augment the analysis of the M&R to address issues raised in plaintiff's objections.

Plaintiff argues that, while defendant is a private entity, it became a state actor by virtue of conspiring with governmental officers to violate plaintiff's constitutional rights. "To establish a civil conspiracy under § 1983," a plaintiff must allege that defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's]

deprivation of a constitutional right." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996). It is "a weighty burden to establish a civil rights conspiracy." Id. "While [a plaintiff] need not produce direct evidence of a meeting of the minds," a plaintiff must allege "that each member of the alleged conspiracy shared the same conspiratorial objective." Id. A plaintiff's allegations "must, at least, reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Id.

Here, plaintiff has not alleged facts giving rise to a plausible inference that defendant, or defendant's employees, conspired with state actors to deprive plaintiff of his constitutional rights. Plaintiff alleges that on June 15, 2017, detective K. D. Vaden ("Vaden") of Rockingham County Sheriffs' Office received a call from Ray Giustiziq ("Giustizia"), at defendant, "who assisted him from Bank Watch indicating that plaintiff's SECU Debit Card was used" in several transactions on June 13, and June 14, 2017. (Compl. ¶ 10). However, these facts do not give rise to an inference "that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421.[2]

In addition, plaintiff's assertion of state action by conspiracy fails because plaintiff has not alleged an actionable underlying deprivation of a constitutional right. See Hinkle, 81 F.3d at 421 (stating that a plaintiff must show that defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right") (emphasis added); Clark v. Link, 855 F.2d 156, 161 (4th Cir. 1988) (stating,

---

[2] In his objections, plaintiff further alleges that Giustizia "conspired with Rockingham County Department of Social Services officials to receive plaintiff's children into his care as foster parents." (Pl's Decl. (DE 16-1) at 2). However, that is a different alleged scheme not asserted in the complaint. And, in any event, the allegations of personal actions by Giustizia, not allegedly pertaining to employment with defendant, are too speculative to give rise to a plausible inference of conspiracy between defendant and state government officials to deprive plaintiff of his constitutional rights.

4

in dismissing § 1983 conspiracy action, "[i]f there is no violation of a federal right, there is no basis for a section 1983 action").

Plaintiff asserts a violation of his Fourth Amendment rights by disclosure of his financial transaction information without a search warrant, court order, or subpoena, at the time of the disclosure in June 2017. (See Compl. ¶ 11; see also Pl's Decl. (DE 16-1) at 2). A bank customer or depositor such as plaintiff, however, has no Fourth Amendment interest in the records kept by banks. See United States v. Miller, 425 U.S. 435, 441 (1976). "The lack of any legitimate expectation of privacy concerning the information kept in bank records was assumed by Congress in enacting the Bank Secrecy Act, the expressed purpose of which is to require records to be maintained because they have a high degree of usefulness in criminal tax, and regulatory investigations and proceedings." Id. at 442-443. "The depositor takes the risk, in revealing his affairs to another, that the information will be conveyed by that person to the Government." Id. at 443. Accordingly, "the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." Id.

Plaintiff argues that Miller is inapposite because that case involved bank records sought by subpoena, whereas plaintiff alleges disclosure in this case prior to the issuance of any subpoena or warrant. (See Pl's Obj. (DE 16) at 5). However, the holding in Miller expressly rested on the lack of a Fourth Amendment interest in bank records, not upon the validity of the subpoena in that case,

5

Case 2:19-cv-00044-FL   Document 17   Filed 05/08/20   Page 5 of 6

which the defendant there had asserted was invalid and without effect. See 425 U.S. at 439-440. In sum, Miller forecloses plaintiff's claims based upon a Fourth Amendment violation.[3]

Finally, plaintiff contends that his "state law claims are supplemental to his claim under the Fourth Amendment." (Pl's Obj. (DE 16) at 4). Plaintiff suggests a violation of the North Carolina Financial Privacy Act, as well as a contractual claim against defendant. (See, e.g., id. at 5 ("[P]laintiff had signed an agreement with SECU that it will keep plaintiff's financial records private from third parties and the bank records are plaintiff's not for the world to see.")). As an initial matter, assertion of violation of North Carolina law is insufficient to establish a constitutional violation for disclosure of bank records. See Miller, 425 U.S. at 443 (finding no violation "even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed"). Moreover, to the extent plaintiff seeks to assert an alternative state law claim, supplemental to his federal claim, the court declines to exercise supplemental jurisdiction over such claims. See 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Based on the foregoing, plaintiff's motion to appoint counsel (DE 9) is DENIED. Upon de novo review of the M&R and the record in this case, the court ADOPTS the M&R, (DE 15), and overrules plaintiff's objections. Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of May, 2020.

LOUISE W. FLANAGAN
United States District Judge

---

[3] Plaintiff also suggests in his objections that he may assert a claim based upon a First Amendment violation. The court finds no basis in the law or the facts alleged to support such an assertion, and any claim based thereon must also be dismissed for failure to state a claim upon which relief can be granted.